LG-8582
**LAW OFFICES OF LEE D. GOTTESMAN**
509 Main Street
PO Box 1508
Toms River, NJ  08754-1508
(732) 914-1055
By: Lee D. Gottesman, Esq.
**Attorney for Reorganized Debtors and Plaintiffs**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In the Matter Of:<br><br>GEORGE A. VENTZ AND DONNA J. VENTZ,<br><br>　　　　Reorganized Debtors,<br><br>―――――――――――――<br><br>GEORGE A. VENTZ AND DONNA J. VENTZ,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A. AND WELLS FARGO HOME MORTGAGE,<br><br>　　　　Defendants. | Case No.  07-18333/RTL<br><br>Chapter 11<br><br><br><br>Adv. Pro. No.  08-1535/TL<br><br>Hearing Date: August 20, 2008 at 2:00 p.m. |

*PRE-TRIAL MEMORANDUM OF THE PLAINTIFF*

Plaintiffs, George A. Ventz and Donna J. Ventz, hereby submits their Pre-Trial Memorandum with respect to the above-referenced Adversary Proceeding Complaint.

　　1.　　Concise Statement of the Nature of the Action

Plaintiffs' Adversary Proceeding Complaint is based upon willful, knowing and repetitive violations of the automatic stay provisions of Section 362 of the Bankruptcy Code and of the Order

Confirming Chapter 11 Plan entered by this Court on February 8, 2008 by Defendants, individually, jointly and severally.. Plaintiffs seeks damages for willful violation of the automatic stay, negligent infliction of emotional distress and intentional infliction of emotional distress by the Defendants. Defendants have filed an Answer in which they generally assert a lack of knowledge relating to the allegations contained within the Adversary Proceeding Complaint, except where they appear to allege that the obtaining of Orders Vacating the Automatic Stay permit collection attempts to be initiated.

    2.    <u>Report on Status of Discovery Conducted to Date, and Description of Type and Extent of Discovery Anticipated</u>

Plaintiffs served their First Set of Interrogatories, First Request for Admissions and First Request for Production of Documents upon Defendants, though counsel, by correspondence dated August 13, 2008. Plaintiffs anticipate taking depositions of numerous of Defendants' employees, after fully responsive answers to the aforestated discovery have been served. Defendants have not yet served any discovery requests.

    3.    <u>List of Factual Issues to be Determined at Trial</u>

    a.    Whether Defendants tendered bills to Plaintiffs subsequent to the filing of the Petition for Relief.

    b.    Whether Defendants placed telephonic collection calls to Plaintiffs subsequent to the filing of the Petition for Relief.

    c.    Whether Defendants took any measures, after receiving notice of the filing of the Petition for Relief from the Bankruptcy Court and from the Plaintiffs, to cease the tendering of bills and/or placing of collection calls.

    d.    Whether Defendants tendered bills to Plaintiffs subsequent to the entry of the Order Confirming Chapter 11 Plan of Reorganization.

    e.    Whether Defendants placed telephonic collection calls to Plaintiffs subsequent entry of the Order Confirming Chapter 11 Plan of Reorganization.

    f.    Whether Defendants took any measures, subsequent to the entry of the Order Confirming Chapter 11 Plan of Reorganization, to cease the tendering of bills and/or placing of collection calls.

    g.    Whether Plaintiffs suffered emotional distress as a result of Defendants' conduct.

    h.    Whether Defendants negligently caused Plaintiff's emotional distress.

    i.    Whether Defendants intentionally caused Plaintiff's emotional distress.

4.    <u>List of Legal Issues to be Determined at Trial</u>

    a.    Whether Defendants' conduct constitutes a willful and knowing violation of the automatic stay provisions of Section 362 of the Bankruptcy Code, giving rise to damages.

    b.    Whether Defendants' conduct constitutes a willful and knowing violation of the Order Confirming Chapter 11 Plan of Reorganization, giving rise to damages.

    c.    Whether Defendants' conduct constitutes a negligent infliction of emotional distress upon Plaintiffs, giving rise to damages.

    d.    Whether Defendants' conduct constitutes an intentional infliction of emotional distress upon Plaintiffs, giving rise to damages.

5.    <u>Itemized Statement of Damages Sought</u>

    a.    Compensatory Damages, in an amount to be established at trial.

    b.    Punitive Damages, in an amount to be established at trial.

    c.    Reasonable attorney's fees and expenses in relation to the prosecution of the

Adversary Proceeding Complaint.

6. <u>Statement as to Why a Joint Scheduling Order was not Submitted</u>

Defendants demanded that Plaintiffs agree to submit this matter to mediation, and declined to enter into a Joint Scheduling Order which did not provide for such provision.

7. <u>Estimated Date for Trial Readiness</u>

Assuming that Defendants cooperate with their response to the outstanding discovery served by Plaintiff, Plaintiff will be prepared to proceed to trial in late spring to early summer 2009.

8. <u>Estimated Length for Trial.</u>

Plaintiff expects that trial will last two (2) days.

9. <u>Witness List</u>

    a. George A. Ventz.

    b. Donna J. Ventz.

    c. Joel A. Ackerman, Esq.

    d. Jennifer Novick, Esq.

    e. Bonnie Baker.

    f. Carmen Chak.

    g. Regassa Olijirra.

    h. Nicole Pranke.

    i. Fetene Feyisa.

    j. Terry Young.

    k. Otis Mays.

    l. Mr. Ventz's health care providers (Plaintiffs will provide specific

identification and documentation upon receipt, in accordance with the provisions and requirements of continuing discovery).

    M.    Such other individuals who may be identified through Defendants' responses to the outstanding discovery served by Plaintiffs.

11.    <u>Other Information of which the Court Should Be Aware Prior to Scheduling This Matter for Trial</u>

_____None, to Plaintiff's knowledge.

        LAW OFFICES OF LEE D. GOTTESMAN
        ATTORNEYS FOR THE PLAINTIFF

        */s/ Lee D. Gottesman*
        By: LEE D. GOTTESMAN, ESQ.

Dated: August 15, 2008